ORAN L. SACKETT, et al., v. B. B. FORD, et al.

Western Section.    June 20, 1925.

Certiorari denied by Supreme Court January 16, 1926.

1. **Brokers.  Real estate agent must be employed to sell property before he is entitled to a commission.**
      In a suit by a real estate agent to recover his commission, held a broker who merely asks an owner the price of his house, and introduces to him a customer who subsequently purchases it, is not entitled to a commission on the sale, unless he was employed by the owner to make the sale, although he may have to some extent influenced the sale.

2. **Brokers.  Evidence.**
      Evidence did not show a contract with plaintiff to sell property, where real estate agent called at owner's house and asked price of house and later produced a buyer but the buyer would not meet the owner's terms of sale.

Appeal from Part Two, Chancery Court of Shelby county; Hon. I. H. Peres, Chancellor.

Affirmed.

L. T. M. Canada, of Memphis, for complainants.

D. B. Sweeny, of Memphis, for defendants.

CLARK, J.   The firm of Sackett & Hughes was engaged in the real estate business in Memphis, Tenn.  Mr. Oran L. Sackett was a

member of that firm. He claims to have sold a house and lot on Madison Ave. to Mrs. Rutland for B. B. Ford and wife, and that, after the contract of sale was made, Ford and wife sold the house and lot to another, and Sackett & Hughes filed the bill in this case against Ford and wife, seeking to recover the commission which they claim they earned in the sale of said house and lot, or which they would have received had Ford and wife not violated their contract of sale with Mrs. Rutland.

The defendants answered the bill and denied that complainants were entitled to any of the relief sought. Proof was taken, the case was tried before Chancellor Peres and he was of opinion that complainants were not entitled to any of the relief sought. He dismissed the bill and taxed them with the cost.

Complainants have appealed and filed two assignments of error. Through them it is insisted that the chancellor erred in dismissing their bill and taxing them with the cost.

The facts briefly stated are these: Mr. Sackett, of the firm of Sackett & Hughes, had assisted Mrs. Rutland in the sale of her home. She desired to reinvest in a home on Madison Ave. near the cross town car line. She made this fact known to Mr. Sackett. He set about to find her a home at that place and, among other places visited, he called at the home of Ford and wife. He was not acquainted with Mr. or Mrs. Ford and had never had any business dealings with either of them. Mr. Ford came to the door and Mr. Sackett inquired if he owned the home and whether it was for sale. Mr. Sackett insists and testifies that Mr. Ford told him the home was not on the market but he would sell it if he could get his price, that he stated his price was $10,000, $2,000 cash and the balance in annual payments of $1000, deferred notes bearing six percent interest. Within an hour after talking with Mr. Ford, Mr. Sackett brought Mrs. Rutland and her daughter to look at the place. Mr. Sackett testifies that Mrs. Rutland expressed herself as satisfied with the place and with the price and agreed to buy on the terms stated by Mr. Ford; that on the evening of that day, he called on Mr. and Mrs. Ford and presented them a written contract by and under the terms of which they agreed to sell the property to Mrs. Rutland on the terms above stated; that Mr. and Mrs. Ford stated they wanted a few days to look around and get them another place before signing the contract, and requested Mr. Sackett to call two or three days later, that he called Mr. Ford by telephone two or three days later but was advised that the place was not for sale, and a few days thereafter, Mr. and Mrs. Ford sold the place through Mr. Montgomery, another real estate agent, to Mrs. Rutland for $11,000.

However, both Mr. and Mrs. Ford testify, and the preponderance of the proof shows, that when Mr. Sackett asked on what terms they

would sell the place, they told him, rather Mr. Ford did, that they would sell it for $10,000, one third cash, and the balance in yearly payments of $1000; that on the evening of that day Mr. Sackett called on them and offered them $9000 for the place, that they refused to accept it and Mr. Sackett then turned over to them the paper writing providing for a sale of the place for $10,000, with a cash payment of only $2000 which they refused to sign; that they told Mr. Sackett that they would not sell the place for $10,000 with only a $2000 cash payment and that it was not necessary to negotiate further with reference to the matter; that thereafter Mr. Montgomery took the matter up with them and they sold the place to Mrs. Rutland for $11,000 as above stated.

In view of these facts, we think it is clear that there is no error in the decree of the chancellor. In the first place, it appears from the preponderance of the proof, that the defendants never contracted as complainants charge in their bill, and in the second place it does not appear that Mr. Sackett was ever the agent of Mr. and Mrs. Ford. "A broker who merely asks an owner the price of his house, and introduces to him a customer who subsequently purchases it, is not entitled to a commission on the sale, unless he was employed by the owner to make the sale, although he may have to some extent influenced the sale." Grier v. Howells (Colo.), 27 L. R. A. (N. S.), 786, and see also notes to that case.

It results that the assignments of error are overruled and the decree of the chancellor affirmed with cost.

Owen and Heiskell, JJ., concur.